IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Terrance A. Brown, | ) | Case No.: 2:20-cv-02951-JD-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Director of the Florence County Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    This matter is before the Court with the Report and Recommendation of United States Magistrate Mary Gordon Baker ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Terrance A. Brown ("Brown" or "Petitioner"), proceeding *pro se* and *in forma pauperis*, brought this petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. (DE 1.)

    Petitioner is a pretrial detainee currently housed at the Florence County Detention Center with several criminal charges pending before the Florence County General Sessions Court. Records from Florence County indicate that Petitioner was arrested on or around October 18, 2019, and the Report indicates that the state court has not set a trial.  Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the state court has not afforded him a bond and/or preliminary hearing in violation of his Eighth and Fourteenth Amendment rights. (DE 1, p.6.)  Petitioner also contends that his ongoing detention violates his right to a speedy trial under

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

the Sixth Amendment. (<u>Id.</u>)  He seeks "immediate release from custody or low bail." (DE 1, p. 7.) The Report and Recommendation was issued on October 5, 2021, recommending dismissal without prejudice and without requiring Respondent Director of the Florence County Detention Center to respond to this matter because Petitioner's claims are not properly before this Court under the <u>Younger</u> abstention doctrine.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (holding that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances).  (DE 13.)

Petitioner filed no objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent Director of the Florence County Detention Center is not required to respond to the Petition and that this case is dismissed without prejudice. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
December 15, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.